UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2025
```

WENDY J. WILLIAMS HUNTER, an individual, by and through her next friend, KELVIN HUNTER; and KELVIN HUNTER, an individual,

          Plaintiffs,

-against-

SABRINA E. MORRISSEY, et al.,

          Defendants.

25-CV-05107 (MMG)

**ORDER TO SHOW CAUSE**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs initiated this action on June 17, 2025, seeking redress for, *inter alia*, constitutional violations based on proceedings in New York County Supreme Court (the "State Court Proceedings"). *See, e.g.*, Dkt. No. 1 ("Complaint" or "Compl.") ¶¶ 145, 154. The Complaint includes detailed allegations concerning the State Court Proceedings, *see, e.g.*, *id.* ¶¶ 72–80, 106–09, and contains, as exhibits, documents and communications concerning the State Court Proceedings, *see* Dkt. Nos. 1-4, 1-11. Two attorneys from the law firm Miami Entertainment Law Group are signatories to the Complaint. *See* Compl.

On June 26, 2025, the Court was made aware that Justice Lisa Sokoloff of the New York County Supreme Court issued an order on April 8, 2022, enjoining Miami Entertainment Law Group—and specifically the attorneys who are signatories to the Complaint—from "disclosing in any manner any documents filed or information communicated in [the State Court Proceedings]." *In re the Application for the Appointment of a Guardian by Wells Fargo Clearing Services LLC*, No. 500007/2022 (N.Y. Sup. Ct., Apr. 8, 2022). The Court was also

1

advised that the April 2022 injunction remains in force.  However, the Court has not been made aware of any orders or testimony substantiating the duration of the injunction.

If the injunction remains in effect, Miami Entertainment Law Group and the individual lawyers, who have appeared for Plaintiffs in this action, appear to have violated it.  The Complaint and accompanying exhibits include "information communicated in [the State Court Proceedings]." *Id.*; s*ee, e.g.*, Compl. ¶¶ 76–80, 106–09, 114.  Neither the Complaint nor its accompanying exhibits were filed under seal, nor did Plaintiffs' counsel inform the Court of the state court injunction.  On its face, the Complaint publicly discloses information from the State Court Proceedings.  By filing the Complaint and accompanying exhibits on the public docket, Miami Entertainment Law Group and the relevant individual lawyers may have violated the injunction.[1]

Violating a court order is an act for which the Court may exercise its inherent power to supervise the conduct of lawyers who appear before it and to impose sanctions, if necessary.  *See Augstein v. Leslie*, No. 11-CV-07512 (HB), 2012 WL 4928914, at *3 (S.D.N.Y. Oct. 17, 2012).  "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  Pursuant to their inherent authority, courts may "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  The Court finds that violating an injunction, even if imposed by a

---

[1] Plaintiffs contend that the State Court Proceedings violated Ms. Williams Hunter's due process rights.  *See, e.g.*, Compl. ¶¶ 146–79.  Despite Plaintiffs' objections to the State Court Proceedings, the appropriate course of action would have been to file the Complaint under seal and to inform the Court of the state court injunction to the extent that it remains in force.

different court, is an abuse of the judicial process. Accordingly, if the injunction remains in effect, filing the Complaint and its attachments on the public docket in this case was an act for which the Court may exercise its inherent power to impose sanctions. *Id*. at 45. The Court's "inherent powers must be exercised with restraint and discretion." *Id.* at 44. Thus, the Court will provide Plaintiffs' counsel with the opportunity to be heard before any action is taken on this issue.

## CONCLUSION

The Court directs Plaintiffs' counsel to show cause by **July 15, 2025**, why:

(1) Counsel are not in violation of the New York Supreme Court's order, and, if they are in violation,

(2) The Court should not exercise its inherent authority to fashion sanctions for an abuse of the judicial process.

In the interim, the Court will place the filings in this action that discuss the State Court Proceedings (Dkt Nos. 1 and 2) under seal, with viewing restricted only to the Court and parties to the action, as a provisionary measure to protect against the potential violation of the New York Supreme Court's injunction.

Dated: July 1, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3