**DIAMOND McCARTHY** LLP
Attorneys & Counselors

15 West 81st Street | Suite 1A | New York, NY 10024 | Phone: 212-430-5400

E-Mail Address
*adiamond@diamondmccarthy.com*

July 17, 2025

**VIA EFC**

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    Williams-Hunter v. Morrissey, et al.
             Case No.: 25-cv-5107 (MMG)

Dear Judge Garnett:

    New York Supreme Court Justice Sokoloff ("Guardianship Court") has relieved me from certain sealing and gag orders that she issued in W.W.H's guardianship proceedings for the limited purpose of filing this letter on the public docket.

    On April 2, 2025, the Guardianship Court appointed me to be lead counsel to W.W.H., along with Peter J. Strauss, after W.W.H. indicated her desire to have us represent her individually in the guardianship proceeding. I have decades of experience litigating both as a court-appointed fiduciary as well as acting adversely to fiduciaries in various capacities. For example, the United States Department of Justice and the bankruptcy court in San Francisco appointed me to be the Chapter 11 Trustee of Howrey, LLP, at that time the largest United States law firm bankruptcy in history. I have acted similarly in many other cases. Mr. Strauss, my advisory co-counsel, is recognized as one of the leading state-court guardianship lawyers in New York City. He has authored books and scholarly articles on the subject. At New York Law School, Mr. Strauss taught the law of guardianship and was the director of the guardianship clinic. Mr. Strauss is a qualified attorney under Part 36 of New York's Mental Hygiene Law.

    Rule 17 does not permit standing in these circumstances by a "next friend." FED. R. CIV. PROC. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."); *Harvey v. Chemung Cnty.*, No. 11-CV-6563T, 2012 WL 729714, at *7 (W.D.N.Y. Mar. 6, 2012). Together, Mr. Strauss and I are zealously and aggressively representing W.W.H.'s personal interests. Other than Ms.

# DIAMOND McCARTHY LLP

Williams-Hunter v. Morrissey, Case No.  25-cv-5107 (MMG)
July 17, 2025
Page 2

Sadatu Salami-Oyakhilome, Mr. Strauss, and myself, no other persons or lawyers have <u>any</u> authority to represent W.W.H. in connection with her guardianship proceedings.  In addition, the Guardianship Court appointed Ms. Sabrina Morrissey, Esq. to serve as W.W.H.'s official guardian in the guardianship proceedings.

As her duly appointed counsel, Mr. Strauss and I have reviewed the complaint and find it to be detrimental to W.W.H.'s interests. Moreover, W.W.H. herself does not believe the complaint is in her best interest. Read in the best light, the complaint reflects poor judgment, an incomplete picture of the facts and record, and a serious misunderstanding of foundational legal principles that control this Court's power to order the relief requested in the complaint under the *Rooker-Feldman*[1] doctrine.  Read in the worst light, the complaint reveals a deliberate effort to mislead this Court with false statements to obtain improper benefits at W.W.H.'s expense.  Even though we are ready and able to file a more formal pleading that includes a more robust critical response, two Guardianship Court orders remain effective that require restraint and that this Court should review.

<u>First</u>, on March 25, 2022, the Guardianship Court issued an order sealing the records in the guardianship proceedings, closing the courtroom for all proceedings and conferences, and "restraining all parties, counsel, agents and employees thereof from discussing this case with the media or disclosing court documents to any third-party." ("<u>Sealing Order</u>"). The Sealing Order is still effective.

<u>Second</u>, on April 8, 2022, the Guardianship Court issued an order that barred Miami Entertainment Law Group, LaShawn Thomas, and Celeste N. McCaw (collectively, "<u>MELG</u>") – the attorneys who filed the complaint – from "communicating in any manner with" W.W.H., her "son Kevin Hunter Jr. or any member of [W.W.H.'s] household"; "disclosing in any manner any documents filed or information communicated in this proceeding;" "communicating with traditional media or social media about this proceeding"; and their "involvement with [W.W.H.] or this proceeding in any matter" ("<u>MELG Injunction</u>"). The MELG Injunction also provided that "no party to this action may provide any materials generated in this lawsuit to" MELG "or any of its attorneys." The MELG Injunction is still effective.[2]

---

[1] For example, other courts in this District and others within the Second Circuit have determined that the type of relief sought in the complaint is barred under the *Rooker-Feldman* doctrine reached this result in well-reasoned decisions when confronted with near-identical claims founded upon similar facts *See Max v. Lissner*, 22-CV-5070 (VEC) 2023 WL 2346365, at *5–*6 (S.D.N.Y. Mar. 3, 2023); *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 444 (S.D.N.Y. 2020); *James v. New York*, No. CV-10-470 JG VVP, 2013 WL 1873276, at *5 (E.D.N.Y. Mar. 6, 2013), *report and recommendation adopted sub nom. James v. New York, Comm'r of Soc. Servs. for City of New York*, No. 10-CV-470 JG VVP, 2013 WL 1869564 (E.D.N.Y. May 3, 2013); *Harvey v. Chemung Cnty.*, No. 11-CV-6563T, 2012 WL 729714, at *6 (W.D.N.Y. Mar. 6, 2012).

[2] The MELG Injunction was not disclosed in the *pro hac vice* applications filed with this Court.  LaShawn Thomas's *pro hac vice* application discloses that she was denied *pro hac vice* admission in the guardianship



Williams-Hunter v. Morrissey, Case No. 25-cv-5107 (MMG)
July 17, 2025
Page 3

      Without question, MELG has violated the Sealing Order and MELG Injunction and the allegations in the complaint may be a circumvention of those orders. For example, the targeted defendants cannot make specific denials of factual allegations or even send a Rule 11 letter because doing so requires disclosing information to MELG that court orders prohibit it from receiving.

      To conclude, I – with Peter J. Strauss – and the court-appointed guardian are W.W.H.'s only court-appointed representatives capable of initiating a litigation for her or on her behalf. As a result, MELG and W.W.H.'s proposed "next friend" lack standing under Rule 17 to initiate a litigation on behalf of W.W.H. MELG and the proposed "next friend" also have disqualifying conflicts of interest that would prohibit them from being W.W.H.'s legal or personal representatives. *See* Note 2. On this basis, the Court should not allow this litigation to proceed and should dismiss all claims that MELG and plaintiff purport to bring on W.W.H.'s behalf.

      The Guardianship Court has authorized me to file a more formal objection and pleading that details the many other deficiencies in the complaint so long as this Court permits me to do so under seal. Depending on the Court's actions after it reviews the Response to the Order to Show Cause – which I have not seen – and this correspondence, I will of course follow this Court's chamber rules and procedures and will be requesting leave to file all appropriate pleadings and papers under seal.

      I thank the Court for its attention to this very important matter. I am available at the Court's convenience to assist with any of the issues that I have raised or that have been raised in this action.

      Respectfully submitted,

      Allan B. Diamond

Encl.: Ex. A – Order Appointing Allan B. Diamond & Peter J. Strauss as Counsel
      Ex. B – Sealing Order
      Ex. C – MELG Injunction

---

proceeding because she might be a material witness. That disclosure disqualifies her and MELG from representing plaintiffs in this case too. In addition, the complaint disclosed a litigation that creates a conflict of interest that disqualifies plaintiff – W.W.H.'s ex-husband – from obtaining "next friend" standing for W.W.H. ECF 1 ¶ 67. I understand that litigation to be conducted under a sealing order as well and that the complaint filed in this action violates it.