

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

August 25, 2025

**By ECF**
Honorable Margaret M. Garnett
United States District Judge,
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    <u>Williams Hunter v. Morrissey et al</u>., 25-cv-5107 (MMG)

Dear Judge Garnett:

      The Office of Attorney General ("OAG") represents itself and co-Defendants the Hon. Lisa Sokoloff, Justice of the Supreme Court, State of New York, New York County and the Hon. Adam Silvera, Deputy Chief Administrative Judge of the New York City Courts and Justice of the Supreme Court, State of New York, New York County (collectively, "State Defendants") in this Action. Pursuant to Section I.B.5 of the Court's Individual Rules, State Defendants submit this letter to request both an extension of the deadline for the State Defendants to respond to the Complaint until October 20, 2025, and to adjourn the October 9, 2025 pre-trial conference pending determination of the motions submitted by the respective parties for the reasons stated below.

      The OAG respectfully requests a deadline of October 20, 2025 for State Defendants to answer or move with respect to the Complaint herein. While the OAG has been served, Justice Sokoloff and Judge Silvera have not been. The current deadline for the OAG to respond is September 2, 2025, because it was served on August 11, 2025 and September 1 is a holiday. Justice Sokoloff and Judge Silvera have no current deadline to respond. Our representation of the State Defendants is not a waiver of any jurisdiction defenses, including personal. The reason for the requested deadline is to set a briefing schedule for all State Defendants that affords time for service of Justice Sokoloff and Judge Silvera and accommodates planned office absences in the OAG and counsel's other obligations. There have been no prior requests by State Defendants for an extension of time to respond to the Complaint. Plaintiff Kelvin Hunter, on his own behalf and seeking recognition as the next friend of a person under guardianship, W.W.H., does not consent to this request and believes the deadline should be no later than September 20, 2025, because "any additional delay would prolong the ongoing deprivation of [W.W.H.'s] liberty and autonomy." Co-Defendants Linda Redlisky, Esq. and Rafferty & Redlisky, LLP (the "Redlisky Defendants")—the only co-Defendants who have appeared in this Action—consent to this request. Putative Intervenors Allan B. Diamond, Esq. and Diamond McCarthy LLP, on behalf of W.W.H. (the "Putative Intervenors"), consent to this request.

      Further, the Court has scheduled a pre-trial conference for October 9, 2025, with pre-conference submissions (including proposed discovery deadlines) due October 1. ECF No. 97. State Defendants respectfully request an adjournment of that conference *sine die* until disposition of all motions to dismiss, to intervene (ECF Nos. 93, 94, 98, 99), and for recognition as next friend (ECF No. 2). There are two reasons for this request. *First*, State Defendants intend to move to dismiss on the basis of, *inter alia*, sovereign and judicial immunity, which provide immunity from suit itself, including the burdens of litigation, and not just from ultimate liability. *See., e.g., Cordero v. Sec. of Health & Human Servs.*, No. 24 Civ. 9778 (JAV), 2025 WL 815329 at *1 (S.D.N.Y. Mar. 13, 2025); *Gabay v. Mostazafan Foundation of Iran*, 151 F.R.D. 250, 256 (S.D.N.Y. 1993). State Defendants also intend to move to dismiss on the basis of abstention doctrines, including *Younger* and *Rooker-Feldman*, which implicate the Court's exercise of its subject-matter jurisdiction over the Action. The applicability of these immunities and abstention principles should be adjudicated before discovery is contemplated. *Second*, the threshold issues of intervention and next friend status should likewise be adjudicated before proceeding with the litigation. Plaintiff does not consent to this request, because "[a]n indefinite adjournment would remove the case from active judicial management at a time when oversight is critically important." The Redlisky Defendants consent to this request. The Putative Intervenors consent to this request.

      Thank you for your consideration in this matter.

                                          Respectfully submitted,

                                          /s/ Anjali Bhat
                                          ANJALI BHAT
                                          Assistant Attorney General
                                          212-416-8632
                                          Anjali.Bhat@ag.ny.gov