UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WENDY J. WILLIAMS HUNTER, an
individual, by and through her next friend,
KELVIN HUNTER; and KELVIN HUNTER,
an individual,

                                Plaintiffs,

                                                                                            Case No. 1:25-cv-05107

      v.

                                                                   **NOTICE OF MOTION**
                                                  **FOR LEAVE TO FILE THE AMENDED**
                                                  **<u>COMPLAINT UNDER SEAL</u>**

SABRINA E. MORRISSEY, et al.,

                                Defendants.
------------------------------------------------------------x

        **PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Leave to File the Amended Complaint Under Seal, all exhibits annexed thereto, as well as all related motions, the undersigned will move this Court, before the Honorable Margaret M. Garnett, United States District Judge for the Southern District of New York, at the United States Courthouse located at 40 Foley Square, New York, NY 10007, at a date and time to be determined by the Court, for an Order pursuant to Federal Rule of Civil Procedure 5.2(d) and the Court's inherent authority:

        1.       Granting Plaintiffs leave to file under seal the Amended Complaint, all exhibits annexed thereto, and all related motions;

        2.       Permitting the public filing of redacted versions of such documents;

        3.       Allowing Plaintiffs to file unredacted copies under seal for this Court's review;

4. Allowing the redaction of personally identifiable information contained in financial and medical exhibits, consistent with privacy interests under Fed. R. Civ. P. 5.2 and applicable law; and

5. For such other and further relief as the Court deems just and proper.

DATED: November 10, 2025

                                      Respectfully submitted,

*LaShawn Thomas*
LaShawn N. Thomas
MIAMI ENTERTAINMENT LAW GROUP
261 North University Drive, Suite 500
Plantation, Florida 33324
Tel: (305) 417-6450
Email: lthomas@miamientertainmentlawgroup.com

*Celeste McCaw*
Celeste N. McCaw
MIAMI ENTERTAINMENT LAW GROUP
261 North University Drive, Suite 500
Plantation, Florida 33324
Tel: (305) 417-6450
Email: cmccaw@miamientertainmentlawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WENDY J. WILLIAMS HUNTER, an
individual, by and through her next friend,
KELVIN HUNTER; and KELVIN HUNTER,
an individual,

                Plaintiffs,

                              Case No. 1:25-cv-05107

    v.

                             **MOTION FOR LEAVE TO**
                            **FILE THE AMENDED COMPLAINT**
                             **UNDER SEAL**

SABRINA E. MORRISSEY, et al.,

                Defendants.
------------------------------------------------------------x

      Pursuant to Federal Rule of Civil Procedure 5.2(d), Plaintiff Wendy J. Williams Hunter ("Ms. Hunter"), by and through her next friend, Regina Giszpenc, and Plaintiff Kelvin Hunter ("Mr. Hunter") (collectively referred to herein as the "Plaintiffs") by their attorney, Miami Entertainment Law Group, moves the Court for leave to file (a) redacted versions of the Amended Complaint, exhibits, and related motions for public docketing, and (b) unredacted versions of the Amended Complaint, exhibits, and related motions under seal for the Court's review.

      Plaintiffs unequivocally believe that the documents at issue in this motion should not be sealed. However, Plaintiffs are submitting these documents under seal at this time solely due to the dictates governing the state court proceedings from which these documents originated, which, upon information and belief, currently subject them to sealing orders. Plaintiffs further respectfully

request that this Court grant them permission to subsequently file these documents in the public forum for transparency, should the Court deem it appropriate after its review.

Plaintiffs seek to file under seal the Amended Complaint, which references documents that were originally submitted in connection with proceedings before the Supreme Court of the State of New York, County of New York, and which may currently be subject to sealing orders entered in those matters. The documents include, among others, an emergency petition, letters to the court, motion papers, court orders, and a hearing transcript, and were sealed, upon information and belief, as a result of the guardianship action filed against Ms. Hunter by Defendant Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, owned by Wells Fargo & Company.

### PLAINTIFFS' COMPELLED REQUEST FOR INTERIM SEAL PENDING JUDICIAL REVIEW OF THE STATE COURT ORDERS, WITH A REQUEST FOR SUBSEQUENT PUBLIC FILING

Plaintiffs do not seek to circumvent or disturb the state court's sealing orders or conceal these documents from judicial scrutiny. Rather, Plaintiffs are compelled to seek initial filing under seal to preserve the intended confidentiality imposed by the state court by filing the unredacted versions under seal in this federal matter. This will permit this Court to review them in connection with the federal claims asserted, while concurrently submitting redacted versions suitable for public filing.

While acknowledging the current state court sealing orders, Plaintiffs respectfully assert that, in this federal action, there is a strong presumption in favor of public access to judicial documents. Plaintiffs believe that the public interest in transparency regarding the underlying facts of this case outweighs the privacy interests previously asserted in the state court, particularly given the nature of the claims brought herein. Therefore, Plaintiffs urge this Court to consider whether these documents can ultimately be made public after a review of their contents.

Even under the Second Circuit's three-part test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), while the documents at issue may implicate privacy interests and contain information traditionally protected from public disclosure (e.g., guardianship-related matters), Plaintiffs maintain that, upon this Court's review and subject to any necessary redactions for truly sensitive personally identifiable information, less restrictive means may be available to protect those interests while enabling full public access. Plaintiffs seek to protect legitimate privacy concerns through narrowly tailored redactions but ultimately advocate for the public disclosure of the substance of these documents.

## REDACTION OF PERSONALLY IDENTIFIABLE INFORMATION (PII)

Several exhibits contain sensitive personal data, including medical and financial records protected under federal and state privacy laws (e.g., HIPAA, Gramm-Leach-Bliley Act, and CPLR § 4504). Plaintiffs respectfully request leave to redact such PII from public filings to preserve privacy while maintaining transparency where appropriate. Plaintiffs further request permission to file unredacted versions of the same exhibits under seal for the Court's review. The redactions are narrowly tailored to protect privacy interests while preserving the integrity of the Court's review and to facilitate the eventual public filing of the documents.

## RELIEF REQUESTED

Plaintiffs respectfully request that this Court enter an order permitting Plaintiffs to file redacted versions of the Amended Complaint, all exhibits, and related motions on the public docket; permitting Plaintiffs to file unredacted versions under seal for the Court's in camera review[1]; and granting Plaintiffs permission to file the unredacted versions of these documents, with the exception of redactions limited to personally identifiable medical and financial

---

[1] A full exhibit list is attached hereto for the Court's reference.

3

information, in the public forum for transparency, subject to any further redactions that the Court deems necessary after its review, and a clear finding that the public access is warranted.

Redactions Limited to PII

- **Exhibit A:** True and correct copies of Ms. Hunter's complaint against Dr. Rami Kaminski to the U.S. Department of Health and Human Services, Office for Civil Rights (OCR) and New York State Department of Health Office of Professional Medical Conduct (OPMC), which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6.

- **Exhibit C:** True and correct copies of Ms. Hunter's AMEX statements, which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6.

- **Exhibit K:** A true and correct copy of Dr. Joseph Girgis' medical evaluation of Ms. Hunter, which has been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6.

- **Exhibit P:** A true and correct copy of the December 2, 2021 Wells Fargo transaction notice, which has been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6.

- **Exhibit R:** True and correct copies of the police reports that Ms. Hunter filed with the City of Miami Police Department and the New York Police Department for fraud and grand larceny by a dishonest employee against Bernie Young for the unauthorized use of her AMEX card, which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6.

**CONCURRENT COURT FILINGS**

Plaintiffs note that the Amended Complaint, Regina Giszpenc's Next Friend Motion, and a motion to amend the caption are being filed contemporaneously under seal as separate submissions to the Court. These court filings are not attached as exhibits hereto but are referenced for the Court's awareness of all related filings.

**EX PARTE NATURE AND NOTICE**

Plaintiffs respectfully submit that this motion is not made for any improper ex parte advantage, but solely to preserve the confidentiality of sealed state court materials consistent with the originating court's sealing order. Because, as discussed at the October 9, 2025 conference, the documents at issue may be subject to pre-existing sealing orders from the Supreme Court of the State of New York, Plaintiffs respectfully submit this motion solely for the purpose of protecting confidential material. Plaintiffs will promptly serve a redacted version of the Amended Complaint on those Defendants who do not have access to SDNY's CM/ECF database as of the date of this submission in accordance with the Federal Rules of Civil Procedure following filing of the Amended Complaint or as directed by the Court.

**CONCLUSION**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant them:

1. Leave to file redacted versions of the Amended Complaint, all exhibits, and related motions on the public docket; and

2. Leave to file corresponding unredacted versions under seal for in camera review; and

3. Leave to file the unredacted versions of all documents, with the exception of redactions limited to personally identifiable medical and financial information, in

the public forum for transparency, subject to any further redactions the Court deems necessary after its review and a clear finding by the Court that public access is warranted.

Plaintiffs further request any other relief this Court deems just and proper.

DATED: November 10, 2025

                                      Respectfully submitted,

*/s/ LaShawn Thomas*
LaShawn N. Thomas
MIAMI ENTERTAINMENT LAW GROUP
261 North University Drive, Suite 500
Plantation, Florida 33324
Tel: (305) 417-6450
Email: lthomas@miamientertainmentlawgroup.com

*/s/ Celeste McCaw*
Celeste N. McCaw
MIAMI ENTERTAINMENT LAW GROUP
261 North University Drive, Suite 500
Plantation, Florida 33324
Tel: (305) 417-6450
Email: cmccaw@miamientertainmentlawgroup.com

**PLAINTIFFS' EXHIBIT LIST**

| Exhibit # | Description | Number of pages |
|---|---|---|
| A | True and correct copies of Ms. Hunter's complaint against Dr. Rami Kaminski to the U.S. Department of Health and Human Services, Office for Civil Rights (OCR) and New York State Department of Health Office of Professional Medical Conduct (OPMC), which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6. | 9 |
| B | A true and correct copy of the Kaminski Letter. | 1 |
| C | True and correct copies of Ms. Hunter's AMEX statements, which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6. | 46 |
| D | True and correct copies of Ms. Hunter's Emergency Petition filed on or about February 4, 2022 and Ms. Hunter's supporting affirmation filed on or about February 9, 2022. | 17 |
| E | A true and correct copy of the February 1, 2022 through 2, 2022 email exchange between Ms. Hunter's retained counsel and Wells Fargo employees Dennis Schmidt and Beverly Jo Slaughter. | 4 |
| F | A true and correct copy of Ms. Hunter's retained counsel's letter to Judge Arlene Bluth dated February 9, 2022 requesting emergency ex parte restraints, inclusive of Judge Arlene Bluth's February 9, 2022 order and David Pikus' letter to Judge Arlene Bluth dated February 9, 2022. | 13 |
| G | A true and correct copy of the case details for Ms. Hunter's Emergency Petition (i.e., 650570/2022 – New York County Supreme Court) | 1 |
| H | A true and correct copy of Judge Adam Silvera's transfer order dated February 14, 2022 and filed February 16, 2022 sealing Ms. Hunter's Emergency Petition against Wells Fargo. | 1 |
| I | True and correct copies of NYSCEF alerts regarding the reassignment of the Ms. Hunter's Emergency Petition and its sealing. | 9 |
| J | A true and correct copy of Dr. Joseph Girgis' medical evaluation of Ms. Hunter, which has been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6. | 1 |
| K | True and correct copies of the email exchanges between Judge Lisa Sokoloff and the parties from March 18, 2022 through March 28, 2022. | 37 |

7

| L | A true and correct copy of the December 2, 2021 Wells Fargo transaction notice, which has been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6. | 1 |
|---|---|---|
| M | True and correct copies of the police reports that Ms. Hunter filed with the City of Miami Police Department and the New York Police Department for fraud and grand larceny by a dishonest employee against Bernie Young for the unauthorized use of her AMEX card, which have been redacted in accordance with Fed. R. Civ. P. 5.2 and SDNY ECF Rules & Instructions § 6. | 5 |
| N | A true and correct copy of Ms. Hunter's FINRA complaint against Wells Fargo and Ms. Schiller, which outlines each direct violation. | 5 |
| O | A true and correct copy of Ms. Hunter's Power of Attorney. | 4 |
| P | True and correct copies of the publicly filed eviction court documents filed against Kevin Hunter. | 51 |
| Q | A true and correct copy of the email exchange between Ms. Hunter's counsel and Gary Press regarding Ms. Hunter's tax concerns and efforts to meet with Gary Press. | 14 |
| R | True and correct copies of the applicable County of Essex public records | 13 |
| S | A true and correct copy of Ms. Hunter's New York State Department of Health complaint against Coterie. | 4 |

## WORD COUNT CERTIFICATION

Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of New York, and the Court's Individual Practices, the undersigned hereby certifies that this motion contains 1,284 words, excluding the caption, signature block, exhibits, and this certification. The word count was determined using the word count function of Microsoft Word.

_____
LaShawn N. Thomas


_____
Celeste N. McCaw