

261 North University Drive Ste 500-45,
Plantation, Florida 33324

O: 305-417-6450 | F: 305-417-6452

www.MiamiEntertainmentLawGroup.com

November 14, 2025

**VIA ECF**
Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:    **WENDY J. WILLIAMS HUNTER, et al.  v. MORRISSEY, et al., Case No.: 1:25-cv-5107**
       **Plaintiffs' Letter-Motion to Deny Wells Fargo's Request to Strike**

Dear Judge Garnett:

In accordance with Rule I. B. 1. of Your Honor's Individual Rules & Practices, Plaintiffs, through undersigned counsel, respectfully submit this correspondence pursuant to Fed. R. Civ. P. 6(a), 6(b), 5(d)(4), 17(c), and Local Civil Rule 7.1(d) in response to Wells Fargo's letter dated November 13, 2025 (Dkt No. 201).  Plaintiffs respectfully request denial of Wells Fargo's request to strike Plaintiffs' sealed filings, as the brief delay was caused by exigent family circumstances, caused no prejudice to any party and the underlying claims remain preserved and consistent with this Court's prior directive. Further, Plaintiffs' decision to file the documents under seal ex parte was done because of the existence of state court gag orders that may still be in effect. Upon the Court's advisement on how best to serve all defendants, Plaintiffs will do so without delay.

At the October 9, 2025 hearing, the Court issued explicit guidance regarding filings that could implicate state court confidentiality orders. The Court stated that Plaintiffs' counsel must scrupulously comply with any orders issued by the state court that have not been withdrawn or reversed by an appropriate appellate court. Accordingly, because gag orders and confidentiality directives allegedly remain in effect in the guardianship matter, Plaintiffs implicitly followed the Court's directive, seeking the guidance of this Court before doing anything that might violate those orders,[1] and filed all materials under seal out of an abundance of caution.

---

[1] On November 12, 2024, Plaintiffs' counsel emailed the Court, with all defense counsel of record copied, to request guidance regarding appropriate viewing-level restrictions and service of all documents on the defendants in advance of the December 10, 2025 response deadline to ensure that defendants had access to all documents.

Additionally, Wells Fargo's argument misstates the effect of the Court's October 9, 2025 ruling. While the Court addressed the permissible scope of Mr. Hunter's amended pleading, the Court did not dismiss Ms. Hunter's independent claims or determine that she lacked standing. Rather, the Court's decision was limited to finding that Mr. Hunter could not continue serving as Ms. Hunter's next friend under Rule 17(c)(2). As such, the right to maintain Ms. Hunter's independent claims through a new, properly supported next-friend application remain fully reserved. Because gag orders and confidentiality directives may remain in place in the underlying guardianship matter, Plaintiffs' subsequent sealed filings were entirely consistent with both the Court's order and the Federal Rules.

As for Wells Fargo's request to strike Plaintiffs' filings and to deny the relief requested, Plaintiffs oppose their request.  Under Fed. R. Civ. P. 6(a)(4)(A), an electronic filing is timely if it is submitted before midnight in the Court's time zone. Plaintiffs' SDNY CM/ECF submission began at 11:58 p.m. Eastern Time on November 10, 2025, as shown on the Notice of Electronic Filing for the Motion for Leave to File the Amended Complaint Under Seal. All supporting documents were uploaded within the same continuous CM/ECF session. As such, the initiation of the SDNY CM/ECF filing event should serve as the controlling moment for timeliness, not the individual timestamps of sequential uploads within that same session.

Moreover, the filing at approximately 1:30 a.m. of the corrected Amended Complaint was a permissible correction, not a late filing. Fed. R. Civ. P. 5(d)(4) expressly prohibits the clerk from refusing a filing solely because it is not in the form prescribed by these rules or by a local rule or practice and contemplates the later submission of corrected documents. The earlier version inadvertently attached was a draft; no substantive changes were made. Correcting a draft error a short time later is a normal CM/ECF practice and does not disturb the timeliness of the underlying filing event. Accordingly, Plaintiffs submit that all filings submitted as part of that continuous session, which was initiated before midnight, are timely. Most importantly, the timing also caused no prejudice to any defendant. The filing occurred within hours of the deadline, and the following day was a federal holiday.

Nonetheless, if, despite the above, any portion of the filing is viewed as untimely, Plaintiffs satisfy the standard for excusable neglect. The delay was minimal, caused no prejudice, and occurred while counsel was caring for a newborn child recently discharged from the hospital and requiring continuous monitoring and specialized care. These circumstances fall squarely within situations in which courts in this Circuit find excusable neglect. *See LoSacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). As such, Plaintiffs filed a motion arguing this point and specifically seeking to cure any potential timing defect. *See* Dkt No. 200. Therefore, Defendants may oppose that motion if they choose, but striking Plaintiffs' filings and denying their requested relief before adjudication of that motion would be premature.

Letter to Court – Hon. Margaret M. Garnett
November 14, 2025
Page **3** of **3**

Dismissal based on a brief, non-prejudicial timing issue, while a motion is pending, would disserve judicial economy. Any dismissal would necessarily be without prejudice, and Plaintiffs would immediately refile the same claims. Plaintiffs' sealed filings complied with the Court's October 9, 2025 instructions, were initiated before midnight, and were followed by a timely motion seeking to cure technical defects. Dismissal would elevate form over substance and needlessly expend judicial resources. Following the Court's guidance, Plaintiffs do not object to a reasonable adjusted time within which defendants must respond to the Amended Complaint once the documents are served upon them.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Wells Fargo's request to strike, deem Plaintiffs' filings timely under Fed. R. Civ. P. 6(a)(4)(A) or excusable under Fed. R. Civ. P. 6(b)(1)(B), and affirm that Regina Giszpenc may file a Rule 17(c)(2) application subject to the Court's independent review.

Respectfully,

_LaShawn Thomas_

LaShawn N. Thomas

_Celeste McCaw_

Celeste McCaw

CC: Counsel for Defendants (via ECF)