USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY J. WILLIAMS HUNTER, et al.,

                 Plaintiffs,

-against-

SABRINA E. MORRISEY, et al.,

                 Defendants.

25-CV-05107 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff Kelvin Hunter initiated this action on June 17, 2025 on behalf of himself and as next friend to Plaintiff Wendy J. Williams Hunter. Plaintiffs' complaint alleges, *inter alia*, that a state court proceeding in which Ms. Williams Hunter was placed under a guardianship violated her constitutional rights. *See* Dkt. No. 1. On October 9, 2025, the Court denied Mr. Hunter's motion to proceed as next friend to Ms. Williams Hunter. Dkt No. 188. The Court subsequently directed Mr. Hunter to "file an amended complaint solely on behalf of himself that asserts only claims that he has standing to bring" by November 10, 2025. Dkt. No. 193 at 24:13–15.

      On November 10 & 11, 2025, Plaintiffs filed six documents: (i) a motion to appoint Regina Giszpenc as next friend to Ms. Williams Hunter (Dkt. No. 197); (ii) a motion to amend/correct the case caption (Dkt. No. 198); (iii) an Amended Complaint (Dkt. No. 196); (iv) a corrected Amended Complaint (Dkt. No. 199); (v) a motion to deem the filings made on November 11, 2025 timely; and (vi) a motion to file the Amended Complaint under seal. On November 13, 2025, Defendant Wells Fargo informed the Court that Defendants could not access certain of these filings on ECF because they were filed as *ex-parte* submissions. Dkt. No. 201. This Order provides guidance as to service of the November 10 & 11, 2025 filings and sets an updated schedule for responsive pleadings.

**I.    SERVICE OF SEALED FILINGS**

      On October 9, 2025, the Court directed Plaintiffs that, pursuant to certain orders in the guardianship proceeding, the Amended Complaint and related filings may need to be filed under seal with an accompanying application by counsel as to appropriate redactions or further sealing. Dkt. No. 193 at 24:16–22. Accordingly, Plaintiffs filed several of the November 10 & 11, 2025 filings under seal. However, counsel for Defendants are unable to access the filings for two reasons. First, the filings were denominated *ex-parte* rather than as viewable to all parties and the Court. Second, pursuant to the Chief Judge's September 23, 2025 standing order concerning procedures for access to and service of sealed documents, sealed documents are no longer accessible on CM/ECF to non-court users. *See* Standing Order M10-468, available at:
https://nysd.uscourts.gov/sites/default/files/202509/Notice%20to%20Bar%20with%20Standing%20Order%20-%20Sealed%20Document%20Access.pdf.

The September 23, 2025 Standing Order directs parties to "serve sealed documents by other appropriate means consistent with the applicable Federal Rules of Procedure." Standing Order M10-468 ¶ 2. Federal Rule of Civil Procedure 5(b)(2)(E) provides that service of a document may be made by "filing it with the court's electronic-filing system or sending it by other electronic means that [a party] consented to in writing." To streamline service for all parties, the parties are directed to inform each other in writing by no later than **November 20, 2025,** if they consent to: (i) service by email, (ii) service by secure electronic file transfer, and/or (iii) service by other agreed-upon electronic means. For any parties that do not consent to electronic service, counsel shall serve those parties through non-electronic means that comport with the requirements of the Federal Rules of Civil Procedure. Plaintiffs' counsel is to serve all documents filed on November 10 and 11 on all parties, including Mr. Allan Diamond, by no later than **November 26, 2025** and filed proof of service on the docket promptly thereafter.

In addition, counsel are directed to review the Court's Individual Rule 1(D) concerning the procedures and requirements for filing documents under seal and ensure that all requirements are satisfied.

## II.   DEADLINES FOR RESPONSIVE PLEADINGS

On October 3, 2025, the Court set a deadline of December 10, 2025 for Defendants to respond to Plaintiff's Amended Complaint. Dkt. No. 193 at 24:23–24. Given Defendants' inability to access the Amended Complaint, the Court will extend the deadlines in this case as follows:

| Event | Date |
|---|---|
| Defendants' deadline to inform Plaintiffs if they consent to electronic service of sealed documents, and by what means | November 20, 2025 |
| Plaintiffs' deadline to serve all filings made under seal on November 10 & 11, 2025 | November 26, 2025 |
| Defendants' deadline to answer, move, or otherwise respond to Amended Complaint (Dkt. No. 199) | January 9, 2026 |
| Defendants' deadline to file any oppositions to the Motion to Approve Appointment as Next Friend (Dkt. No. 197) | January 9, 2026 |
| Plaintiffs' deadline to file any opposition briefs in the event Defendants move to dismiss the Amended Complaint | January 30, 2026 |
| Plaintiffs' deadline to file any reply briefs in support of the Motion to Approve Appointment as Next Friend (Dkt. No. 197) | January 30, 2026 |
| Defendants' deadline to file any reply briefs in the event that Plaintiffs oppose to any motions to dismiss | February 13, 2026 |

Finally, given the Court's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), the Court will excuse Plaintiffs' one-day delay in filing the corrected Amended Complaint and deem Dkt. No. 199 the operative complaint in this matter.

Dated: November 17, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge