

261 North University Drive Ste 500-45,
Plantation, Florida 33324

O: 305-417-6450 | F: 305-417-6452

www.MiamiEntertainmentLawGroup.com

December 11, 2025

**VIA ECF**
Hon. Margaret M. Garnett
United States District Court, Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

RE:   **WENDY J. WILLIAMS HUNTER, et al. v. MORRISSEY, et al.**
      **Docket No.: 1:25-cv-5107-MMG**

Dear Judge Garnett:

      Pursuant to Rule 2(B)(4) of Your Honor's Individual Rules & Practices, Plaintiffs respectfully seek expedited discovery to serve narrowly tailored subpoenas on non-parties Mount Sinai Health System ("Mount Sinai"), Lenox Hill Hospital, and Dr. Samuel E. Gandy. The subpoenas seek only: (1) the neurological evaluation and associated records of Plaintiff Wendy J. Williams Hunter ("Ms. Hunter") reportedly conducted in or around October and/or November 2025 either at Mount Sinai or by Dr. Gandy, and (2) the neurological evaluation and associated records of Ms. Hunter reportedly conducted in or around March 2025 at Lenox Hill Hospital.

      Good cause exists for expedited discovery. The Court cannot discharge its independent duty under Rule 17(c) without prompt access to the neurological evidence bearing directly on Ms. Hunter's capacity and the adequacy of her representation. Plaintiffs' Motion to Approve Appointment as Next Friend (Dkt. No. 197) remains pending, and Rule 17(c) requires the Court to resolve adequacy of representation at the outset (i.e., before litigation proceeds to the merits or dispositive motions). Thus, these threshold determinations cannot await the conclusion of the pleading stage.

      Ms. Hunter has been adjudicated incapacitated under a disputed guardianship order and cannot execute a HIPAA authorization. Defendant Sabrina E. Morrissey, the sole person authorized to release Ms. Hunter's medical records, refuses to do so, refuses to identify custodians, and refuses even to confirm whether the evaluations occurred. Plaintiffs cannot lawfully obtain confirmation from the providers without either an authorization that Ms. Hunter cannot sign and Ms. Morrissey will not provide, or a court order. Subpoenas to the non-party providers are therefore the only mechanism available to permit the Court to make an informed Rule 17(c) determination.

      The reported neurological evaluations bear directly on whether Ms. Hunter can protect her own interests and whether a duly appointed representative is acting in Ms. Hunter's best interests. Whether those evaluations occurred, and what they reflect, is essential to assessing Plaintiffs' request for a next friend. Their mere existence, or non-existence, also informs Plaintiffs' allegation

Letter to Court – Hon. Margaret M. Garnett
December 11, 2025
Page **2** of **3**

that the state guardianship regime failed to obtain or acted contrary to medical evidence, further underscoring the necessity of appointing a next friend in this action and is therefore critical to the Court's Rule 17(c) analysis.

Before seeking leave to serve third-party subpoenas, Plaintiffs first attempted to obtain this information from every individual or entity reasonably believed to possess the evaluations or custodian information, including Defendants Ms. Morrissey, Linda Redlisky, Sadatu Salami-Oyakhilome, Atria Senior Living, Inc. ("Atria"), Coterie Luxury Senior Living ("Coterie"), and non-party Allan Diamond, believed to be acting as Ms. Hunter's guardianship court-appointed counsel. Ms. Redlisky's counsel advised that she ceased serving as Ms. Hunter's court-appointed attorney as of January 2025 and therefore had no involvement in, or access to, any alleged, subsequent neurological evaluation. Counsel for Ms. Morrissey refused to produce records or identify custodians, asserting no good cause existed. Counsel for Atria and Coterie likewise objected, asserting the request was premature. Mr. Diamond and Ms. Salami-Oyakhilome did not respond.

Consistent with Local Civil Rule 37.2 and Your Honor's Individual Practices, Plaintiffs met and conferred via videoconference with counsel for Ms. Morrissey, Mr. Benjamin White, on December 4, 2025 at or around 3:45 P.M. ET for approximately fifteen (15) minutes and counsel for Defendants Atria and Coterie, Mr. David Luntz, on December 10, 2025 at or around 3:20 P.M. ET for approximately five (5) minutes. During the conference with Ms. Morrissey's counsel, Mr. White stated that Plaintiffs were "not entitled to any discovery," that "no records will be provided," and that counsel would not confirm whether any neurological evaluations existed. During the conference with Atria and Coterie's counsel, Mr. Luntz took the position that the discovery request was premature. Plaintiffs reached an impasse during both conferences and advised that court intervention would be required. Only after recent public reporting identified Mount Sinai, Lenox Hill, and Dr. Gandy as the likely evaluating providers did Plaintiffs have sufficient information to tailor the subpoenas now sought.

Although the Rule 17(c) conflict is itself sufficient to justify expedited discovery, the request also satisfies the flexible good-cause standard applied in *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005) as well as the more stringent four-part test derived in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982). Courts in this District have set forth four (4) requirements for expedited discovery, which are: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Fox v. Mow Trading Corp.*, 749 F. Supp. 473 (S.D.N.Y. July 25, 1990); *See also Computerland Corp. v. Batac, Inc.*, No. 88-8624 (SWK), 1988 WL 140816 (S.D.N.Y. December 16, 1988). Each factor favors granting expedited discovery.

Without expedited discovery, Ms. Hunter faces immediate and irreparable injury: her federal claims will go unprotected because she cannot litigate on her own behalf, and she will remain subject to a state guardianship in which the guardian, who is also a named defendant in this action, cannot adequately represent her interests. If no next friend is appointed because exculpatory

medical evidence was not obtained, Ms. Hunter will suffer irreparable harm because Rule 17(c) protections will not be triggered in time to safeguard her rights.

      Plaintiffs have shown a substantial probability of success on the merits. Plaintiffs have demonstrated that (a) Ms. Hunter has been deemed legally incapacitated by the state guardianship court and therefore is unable to protect her own interests, and (b) her court-appointed guardian, Defendant Ms. Morrissey, cannot adequately represent her because she is herself a defendant and an alleged participant in the very conduct challenged in the Amended Complaint. Plaintiffs also have shown that the guardian-defendant controls, and refused to release, the very evidence needed to evaluate her own adequacy. Such conflicted control strongly supports the appointment of a next friend, and courts routinely authorize limited discovery where the adequacy of a guardian is contested and material evidence is obstructed.

      The link between the requested discovery and the avoidance of the irreparable harm is direct and immediate. The Court cannot resolve the next-friend motion or satisfy its Rule 17(c) duty to ensure the protection of a legally incapacitated litigant, without knowing whether Ms. Hunter underwent neurological evaluations and, if so, what those evaluations reveal about her current cognitive condition. These records, upon information and belief, may solely be in the possession of these non-party medical providers. Because Ms. Hunter cannot execute a HIPAA authorization and the guardian-defendant refuses to authorize release or identify custodians, there is no lawful path to obtaining this evidence except through expedited subpoenas. Without this evidence now, the next-friend motion cannot be resolved, and Ms. Hunter will continue to litigate without adequate representation—precisely the irreparable harm Rule 17(c) is designed to prevent.

      The harm to Plaintiffs without expedited discovery far outweighs any minimal burden on the non-party providers. Plaintiffs seek only two narrowly tailored record requests—no depositions, no broad medical history, no burdensome production. The responding entities face at most routine compliance obligations with standard medical-record subpoenas. By contrast, the injury to Ms. Hunter if discovery is delayed is profound: she remains in a guardianship administered by a defendant whose adequacy is contested, she is unable to assert her federally protected rights without a next friend, and the Court cannot ensure her protection as required by Rule 17(c). Thus, the harm to Plaintiffs, continued deprivation of Ms. Hunter's ability to participate meaningfully in litigation that affects her liberty, property, and autonomy, far exceeds any burden on the subpoena recipients.

      Filing this request now avoids prejudice to Plaintiffs in responding to Defendants' standing and capacity challenges and allows the Court to fulfill its obligations under Rule 17(c). Therefore, Plaintiffs respectfully request that the Court grant their motion for limited expedited discovery and for other such relief that the Court may deem just and proper.

Respectfully,

_LaShawn Thomas_                                          _Celeste McCaw_
LaShawn N. Thomas                                        Celeste McCaw

CC: Counsel of Defendants (via ECF)