UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2025
```

| |
|---|
| WENDY J. WILLIAMS HUNTER, et al., |
| Plaintiffs, |
| -against- |
| SABRINA E. MORRISEY, et al., |
| Defendants. |

25-CV-05107 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On December 11, 2025, Plaintiffs filed (i) a letter motion to expedite discovery (Dkt. No. 207), and (ii) a request to file consolidated responses to Defendants' forthcoming briefs as well as an extension of the deadline to do so (Dkt. No. 208). For the reasons set forth below, the motion to expedite discovery is DENIED and the requests concerning Plaintiffs' forthcoming briefs are GRANTED in part and DENIED in part as moot.

## I.    PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY

On October 9, 2025, the Court stayed discovery in this matter pending the submission of Plaintiffs' Amended Complaint and Defendants' responses to that complaint. Dkt. No. 191 at 25:5–8. The Amended Complaint was filed on November 11, 2025. Dkt. No. 199. On December 11, 2025, Plaintiffs moved for expedited discovery to serve subpoenas on non-parties Mount Sinai Health System, Lenox Hill Hospital, and Dr. Samuel E. Gandy to obtain neurological evaluations (and associated records) of Wendy J. Williams Hunter ("Ms. Williams Hunter") reportedly conducted in or around October and/or November 2025 and March 2025. Plaintiffs seek these records on an expedited basis because, in Plaintiffs' view, "[t]he Court cannot discharge its independent duty under Rule 17(c) without prompt access to the neurological evidence bearing directly on Ms. [Williams] Hunter's capacity and the adequacy of her representation." Dkt. No. 207 at 1.

To determine whether expedited discovery is warranted, "[c]ourts in this District apply a 'flexible standard of reasonableness and good cause.'" *Pasha v. New York State Dep't of Health*, No. 22-CV-03355 (ER), 2024 WL 1120030, at *1 (S.D.N.Y. Mar. 14, 2024) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)). Plaintiffs have not demonstrated good cause for expedited discovery because the discovery Plaintiffs seek is not necessary to the adjudication of their pending next friend motion. An individual seeking next friend standing must satisfy "at least two firmly rooted prerequisites." *Doe v. Hochul*, 139 F.4th 165, 177 (2d Cir. 2025) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.

. . Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.*

Plaintiffs allege that Ms. Williams Hunter's neurological evaluation results are necessary for the Court to address the first prong—whether there is an adequate explanation as to why Ms. Williams Hunter cannot appear on her own behalf in this action. The Court disagrees. By Plaintiffs' own admission, "Ms. [Williams] Hunter has been deemed legally incapacitated by the state guardianship court." Dkt. No. 207 at 3. "Under New York law, the only way for an adult who has been declared legally incompetent to appear in a lawsuit is via his guardian." *Gitzis by Galanova v. Nozhnik*, No. 19-CV-07223 (PKC) (RLM), 2020 WL 1989285, at *3 (E.D.N.Y. Apr. 27, 2020). This rule applies equally to this Court: under the Federal Rules of Civil Procedure, an individual's ability to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Because Ms. Williams Hunter resides in New York, *see* Dkt. No. 199 ¶ 16, she cannot appear in this case except through a legal guardian. Accordingly, there is already an "adequate explanation" as to why Ms. Williams Hunter cannot appear in this suit on her own behalf. *Doe*, 139 F.4th at 177. The results of Ms. Williams Hunter's neurological evaluations are therefore not necessary for the Court to determine the first prerequisite to Plaintiffs' next friend motion, and these records have no discernible relevance to the Court's assessment of the second prerequisite. Accordingly, good cause for the expedited discovery of those examinations cannot be based on the need for the Court to decide the next friend motion, and no other good cause is apparent.[1]

## II.    AMENDMENTS TO THE COURT'S NOVEMBER 17 SCHEDULING ORDER

On November 17, 2025, the Court issued a scheduling order that set January 9, 2026, as the deadline for Defendants to respond to both Plaintiffs' Motion to Approve Appointment as Next Friend and Amended Complaint. *See* Dkt. No. 203. On December 15, 2025, Defendant Sabrina E. Morrisey requested that the Court resolve a variety of threshold issues concerning Plaintiffs' next friend motion and a potential conflict concerning Plaintiffs' counsel. *See* Dkt. No. 211. The Court agrees that these issues should be resolved before Defendants are required to respond to Plaintiffs' Amended Complaint.[2] Accordingly, the deadline for Defendants to respond to Plaintiffs' Amended Complaint is STAYED. The deadline for Defendants to file any oppositions to the Motion to Approve Appointment as Next Friend (Dkt. No. 197) remains January 9, 2026. Defendants' briefings may address the potential conflict raised in Ms. Morrisey's December 15 Letter. Pursuant to Plaintiffs' December 11, 2025 request, Dkt. No. 208, Plaintiffs may submit a consolidated "responsive brief" to Defendants' briefings by **March 2, 2026**.[3]

---

[1] This finding should not be interpreted as a ruling on the merits of any aspect of Plaintiffs' pending Motion for Recognition as Next Friend.

[2] Plaintiffs appear to agree that questions of representation should be resolved before litigation on the merits. *See* Dkt. No. 207 at 1.

[3] The portion of Plaintiffs' request seeking leave to file one consolidated opposition brief and an extension of the deadline to file the consolidated opposition brief to Defendants' Rule 12 motions is DENIED as moot given the stay of Defendants' deadline to respond to the Amended Complaint.

Finally, shortly after filing the Amended Complaint, Plaintiffs asked the Court to deem the filing of that Amended Complaint timely, as well as the associated motions, and to strike the erroneously filed complaint at Dkt. No. 196.  Dkt. No. 200.  Those unopposed requests are GRANTED for good cause.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 200, 207, and 208, and to strike Dkt. No. 196 as filed in error.

Dated: December 23, 2025
        New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge