UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                        :
WENDY J. WILLIAMS HUNTER, an individual, by
And through her next friend, KELVIN HUNTER; and         :    Case No.: 25-cv-05107 (MMG)
KELVIN HUNTER, an individual,
                                                        :
                    Plaintiffs,
                                                        :
   -against-
                                                        :
SABRINA E. MORRISSEY, *et al*.,
                                                        :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN
SUPPORT OF RENEWED MOTION TO INTERVENE ON BEHALF
OF W.W.H. UNDER FEDERAL RULE OF CIVIL PROCEDURE 24**

DIAMOND MCCARTHY LLP
*Counsel to W.W.H.*

15 West 81st Street, Suite 1A
New York, New York 10024
Telephone: 212-430-5400

Allan B. Diamond, Esq.
*adiamond@diamondmccarthy.com*

**BASIS FOR RENEWING THE MOTION TO INTERVENE**

Below counsel moved the Court to intervene in this matter to protect and fulfill the interests and wishes of W.W.H. as the real party in interest in the above-captioned matter. ECF 93 ("Motion to Intervene").  The Motion to Intervene argued and alerted the Court that W.W.H.'s interests would not be protected in the above-captioned matter because of an inherent conflict of interest that existed between W.W.H., her ex-husband ("Mr. Hunter"), and Mr. Hunter's lawyers and that Mr. Hunter and his lawyers could not represent her interests because of that conflict. The Motion to Intervene specified that W.W.H. did not consent to this litigation being brought on her behalf and that she wanted it to stop.  The Motion to Intervene was fully litigated on the papers.

On October 9, 2025, after a full hearing between all interested parties, the Court denied the Motion to Intervene as moot because the Court denied Mr. Hunter's motion to proceed as W.W.H.'s "next friend" and dismissed the portions of the complaint that was purportedly being brought on W.W.H.'s behalf.  The Court then ordered Mr. Hunter to file an amended complaint to assert only allegations and claims on his own behalf by November 10, 2025.  The Court stated that the Motion to Intervene was "DENIED as MOOT without prejudice to renewal after the filing of the amended complaint, or at any time in the future should a basis for intervention arise."

On November 10 and November 11, 2025, Mr. Hunter's lawyers filed an Amended Complaint and supporting documents and motion papers that not only alleged Mr. Hunter's claims but also brought the same claims as the initial complaint on W.W.H.'s behalf through a new "next friend."

W.W.H. again does not want her ex-husband's lawyers representing her interests through the purported "next friend" and has instructed the undersigned counsel to intervene to stop this lawsuit from proceeding in her name and on her behalf.  W.W.H. does not consent to this litigation,

does not want this litigation to proceed on her behalf, does not want Mr. Hunter's lawyers representing anyone purporting to act on her behalf or in her interests, and does not want the proposed "next friend" to do anything on her behalf and does not believe that the proposed "next friend" will act in her best interests. Attached as Exhibit A to this motion is an Affidavit from W.W.H. that sets forth her wishes with respect to this litigation.

Because swapping out a new next friend for Mr. Hunter does not change anything about the inherent conflicts of interest highlighted in the Motion to Intervene and because W.W.H.'s wishes have not changed with respect to this litigation, the undersigned renews the Motion to Intervene as this Court has expressly authorized and incorporates by reference all arguments and authorities provided in the brief in support of the Motion to Intervene as if fully set forth herein.

## CONCLUSION

Based on the foregoing, W.W.H. – by and through her undersigned counsel – respectfully requests that this Court allow W.W.H. and Mr. Diamond as court appointed lead legal counsel on her behalf to intervene in this case.

Dated: New York, New York
       January 8, 2026

Respectfully submitted,

**DIAMOND MCCARTHY LLP**

By: _____
     Allan B. Diamond, Esq.
15 West 81st Street, Suite 1A
New York, New York 10024
Telephone: 212-430-5400
*adiamond@diamondmccarthy.com*

*Court-Appointed Counsel to W.W.H.*

## CERTIFICATE OF COMPLIANCE

I, **ALLAN B. DIAMOND**, hereby certify that, pursuant to Rule II.B.2 of the Individual Rules & Practices of the Honorable Margaret M. Garnett, the foregoing Memorandum of Law contains a total of 522 words (as measured by the word processing system on which it was prepared), inclusive of point heading and footnotes and exclusive of pages containing the table of contents, table of authorities and this Certificate.

Dated: New York, New York
       January 8, 2025

_____
**ALLAN B. DIAMOND**