UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY J. WILLIAMS HUNTER, et al.,

Plaintiffs,

-against-

SABRINA E. MORRISSEY, et al.,

Defendants.

No. 25-CV-05107 (MMG)

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

## PRELIMINARY STATEMENT

Movant Regina Giszpenc respectfully submits this reply in further support of her motion for reconsideration ("Motion") of the Court's Opinion and Order (**DE 251**) and in response to Defendants' oppositions, which do not resolve the narrow errors identified in the Motion.[1] They principally argue that Ms. Giszpenc seeks to relitigate issues already decided. She does not. The Motion identifies pleaded antecedent injuries that the Opinion treated as products of the guardianship, an unresolved Rule 17(c) representation question, and rules governing jurisdictional and abstention dispositions.

Most significantly, the State Defendants concede that "jurisdictional dismissals are without prejudice." State Opp. at 10 (**DE 259**). They also acknowledge that damages claims "[o]rdinarily . . . do not trigger *Younger* abstention." *Id.* at 8. Morrissey likewise describes state-court permission and Rule 17(c) as "two distinct issues." Morrissey Opp. at 7 (**DE 270**). Those concessions reinforce the Motion. State-court permission to pursue claims against Morrissey does not resolve

[1] Defendants Leah Abraham and Rami Kaminski, M.D. and Rami Kaminski M.D. P.C. filed their opposition papers on October 29, 2026. Ms. Giszpenc preserves her objection to the untimeliness of those submissions.

representation for claims against other Defendants. Likewise, neither a jurisdictional dismissal nor *Younger* abstention supports a dismissal with prejudice.

## I. THE MOTION IDENTIFIES OVERLOOKED RECORD MATTERS, NOT NEW CLAIMS OR EVIDENCE.

Wells Fargo characterizes the antecedent-injury argument, *Deakins*, and the request for dismissal without prejudice as "new theories." WFCS Opp. at 2 (**DE 266**). They are not. The account restrictions, unauthorized charges and transfers, and cessation of payments occurred before Wells Fargo filed the Article 81 petition and were pleaded by Plaintiffs in both complaints. **DE 1** ¶¶ 58, 65-70, 326-34; AC ¶¶ 59-60, 62-63, 66-68, 86, 329, 459; Mot. at 2-4. Those allegations were before the Court when it determined whether the injuries arose from the guardianship or from antecedent conduct. The Motion therefore identifies record facts the Opinion overlooked in determining whether Plaintiffs' injuries arose from the guardianship or from Defendants' earlier conduct. Reconsideration properly addresses such overlooked record matters. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Identifying the legal consequences of a jurisdictional or abstention ruling does not present a new theory. Ms. Giszpenc was not required to anticipate that the Court would dismiss Ms. Williams-Hunter's ("Williams") claims with prejudice on grounds that do not adjudicate the merits. *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123-24 (2d Cir. 1999), and *Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988), govern the permissible disposition once jurisdiction is absent or abstention is required. Plaintiffs also presented *Berrios* before the Opinion. **DE 87** at 2. The Motion therefore applies governing law to record facts already before the Court and to the disposition ultimately entered.

## II. DEFENDANTS DO NOT ANSWER THE ROOKER-FELDMAN TIMING OR CAUSATION PROBLEMS.

Defendants contend that November 2025 is the relevant commencement date because Mr. Hunter's next-friend application was denied. *See* Redlisky Opp. at 5-6 (**DE 271**); Abrams Opp. at 5 (**DE 267**); WFCS Opp. at 6. That conflates Mr. Hunter's representative authority with Williams's status as the real party in interest. The October 9 ruling denied Mr. Hunter authority to proceed for her and limited his leave to amend; it did not enter a merits judgment on her claims or determine that no other Rule 17(c) representative could seek recognition. **DE 191** at 24:10-15. A next friend "does not himself become a party to the . . . action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). *Whitmore* and *Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003), address who may represent her, not when her claims commenced. Defendants' position would make commencement depend on later recognition of a particular representative, although Williams's claims were asserted when the action was filed. Denial of Mr. Hunter's application did not transform that filing into a new proceeding when another representative appeared.

Claims were asserted for Williams when the federal proceeding commenced in June 2025. Under *T.M.*, the relevant question is whether the state judgment preceded commencement of the federal proceeding, not whether a later representative was recognized. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668 (2026). Wells Fargo acknowledges that *T.M.* "was decided after the Next Friend Motion had been fully briefed." WFCS Opp. at 5. And even if Defendants rely on March 2022 guardianship orders, those orders could not have caused injuries alleged to have preceded them. Abrams Opp. at 4; WFCS Opp. at 7.

Defendants also do not answer Rooker-Feldman's independent causation requirement. The doctrine turns on the source of the particular injury. *Hoblock v. Albany Cnty. Bd. of Elections*, 422

F.3d 77, 88 (2d Cir. 2005). A later state judgment cannot be the source of pre-petition account restrictions, charges, transfers, or stopped payments. Linking those acts to the later guardianship does not change their source. WFCS Opp. at 7-8; Redlisky Opp. at 4-5. *Vossbrinck* confirms that independent damages claims may proceed where adjudication does not require review of the state judgment. 773 F.3d 423, 427 (2d Cir. 2014). Even if some equitable relief is barred, those antecedent damages claims require separate analysis.

The same distinction matters under *Younger*. If abstention applies to damages claims that cannot be redressed in the state proceeding, *Deakins* requires a stay rather than outright dismissal. 484 U.S. at 202-03. Wells Fargo invokes *Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000), but identifies no Article 81 mechanism for adjudicating damages claims against several Defendants, including Wells Fargo, American Express, Schiller, and Dr. Kaminski. WFCS Opp. at 9. The possibility that next-friend recognition could affect the guardianship does not resolve the proper disposition of those independent damages claims. The same claim-specific analysis applies to the State Defendants. The pleaded ultra vires acts cannot be treated categorically as injuries caused by the guardianship judgments, and claims seeking prospective relief from ongoing violations of federal law must be considered separately.

## III. REJECTING GISZPENC DID NOT RESOLVE THE *BERRIOS* REPRESENTATION QUESTION.

Defendants answer *Berrios* as though Ms. Giszpenc contends it compels her appointment. It does not. The point is sequencing: an incompetent person's claims may not be adjudicated on the merits while she lacks proper representation. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009).

The Opinion found Williams unable to prosecute the action herself, identified her guardian as a defendant, denied Ms. Giszpenc recognition, and then dismissed her claims with prejudice. Although it refers to Mr. Diamond and Mr. Strauss as "duly appointed representatives," **DE 251** at 11 n.6, it does not explain whether they qualify under Rule 17(c)(1) or have authority to litigate the federal causes of action at issue. Mr. Diamond's intervention motion sought dismissal, rather than prosecution, of Williams's claims, including the antecedent claims. The Opinion did not explain how reliance on guardianship counsel seeking dismissal protected Williams's interests in pursuing that relief.

Morrissey's opposition underscores the distinction. She describes guardianship-court permission and Rule 17(c) as separate inquiries. Morrissey Opp. at 7. Even if permission was required before claims against Morrissey could proceed, it does not determine representation for claims against other Defendants. Plaintiffs presented that distinction before the Opinion. **DE 248** at 7-8; *see also* **DE 87** at 2. *S.M.* and *von Bulow*, which Morrissey calls untimely, Morrissey Opp. at 9 n.3, confirm that previously presented principle, and are not independent grounds for reconsideration. Williams's affidavit did not resolve whether a proper non-conflicted representative existed before a with-prejudice judgment was entered.

Wells Fargo's reliance on the Opinion's quotation of paragraph 12, WFCS Opp. at 11-12, does not answer the declaration's other evidence, including the absence of any financial interest. **DE 197** ¶¶ 11-13, 16. Schiller's law-of-the-case argument, Schiller Opp. at 4-5 (**DE 277**), likewise does not resolve the issue because the Opinion declined to reach it, **DE 251** at 7 n.5, and the October 9 ruling addressed Mr. Hunter's conflict, not Ms. Giszpenc's suitability. **DE 191** at 22-23.

## IV. AT MINIMUM, THE WITH-PREJUDICE DISPOSITION MUST BE MODIFIED; OTHERWISE, RULE 54(b) CERTIFICATION IS WARRANTED.

The State Defendants concede that "jurisdictional dismissals are without prejudice," while separately arguing that the Court may deny leave to amend. State Opp. at 10; *see Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021). Thus, to the extent the judgment rests on Rooker-Feldman, its with-prejudice form cannot stand. Denial of leave to amend does not convert a jurisdictional dismissal into a merits-preclusive judgment. Schiller's reliance on district-court and out-of-circuit cases cannot override *Green* and *Hernandez*. Schiller's attempt to distinguish *Hernandez* because that removed action was remanded misses its rule: where subject-matter jurisdiction is absent, the federal court lacks authority to enter a with-prejudice disposition. 182 F.3d at 123-24. The permission, next-friend, and *Younger* rulings also do not justify dismissal with prejudice. Schiller Opp. at 8 (**DE 277**). *Younger* may require a stay, *Berrios* precludes merits adjudication without proper representation, and, where representation remained unresolved, the Second Circuit vacated a with-prejudice dismissal. *James v. New York*, 415 F. App'x 295, 297-98 (2d Cir. 2011). Schiller's state-court-only carve-out preserves the very bar the Motion challenges. Schiller Opp. at 8. The State Defendants' *sua sponte* dismissal request, State Opp. at 11 (**DE 259**), exceeds this Motion as the Opinion left Mr. Hunter's individual claims pending. **DE 251** at 19-20.

If the Court otherwise adheres to the complete dismissal of Williams's claims, Rule 54(b) certification is appropriate. Schiller's standing objection, Schiller Opp. at 9, goes to who may prosecute an appeal, not whether the Court may certify. The threshold issues governing Williams's dismissal, specifically Rule 17(c), Rooker-Feldman timing and causation, *Younger*, and the prejudicial effect of the judgment, are distinct from the merits of Mr. Hunter's individual claims

and can be resolved on appeal without adjudicating them. Accordingly, there is no just reason for delay.

**CONCLUSION**

The Court should grant reconsideration, vacate the denial of next-friend recognition and dismissal of Williams's claims, and conduct the Rule 17(c) inquiry addressing Ms. Giszpenc's suitability, any potential conflict, and the availability of any other representative willing and able to protect Williams's claims, as required by *Greenburgh* and *Berrios*. At minimum, the Court should modify the dismissal to be without prejudice, clarify that neither the October 9, 2025 ruling nor the Opinion precludes a renewed Rule 17(c) application, and preserve through a stay any damages claims subject to *Younger*. If the dismissal otherwise remains in place, the Court should direct entry of final judgment as to Williams's claims pursuant to Rule 54(b).

Dated: November 4, 2026

Respectfully submitted,

/s/ LaShawn N. Thomas
LaShawn N. Thomas
/s/ Celeste N. McCaw
Celeste N. McCaw
MIAMI ENTERTAINMENT LAW GROUP
261 North University Drive, Suite 500
Plantation, Florida 33324
Tel: (305) 417-6450
lthomas@miamientertainmentlawgroup.com
cmccaw@miamientertainmentlawgroup.com
*Attorneys for Movant Regina Giszpenc*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 6.3 and 7.1(c), the undersigned certifies that this Memorandum of Law contains 1,745 words, exclusive of the caption, signature block, and this certificate, as counted by the word-processing program used to prepare it.

/s/ LaShawn N. Thomas
LaShawn N. Thomas
/s/ Celeste N. McCaw
Celeste N. McCaw